IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RAY DEAN WILSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF MONTANA, SECOND JUDICIAL DISTRICT COURT, and POLICE DEPT. PATROL & DETECTIVES,<br><br>Defendants. | CV 16-00061-BU-BMM-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**I.     Introduction**

Plaintiff Ray Dean Wilson, appearing pro se, commenced this action by filing a complaint that, liberally construed, advances claims for relief under 42 U.S.C. § 1983. The Court granted him leave to proceed in this matter in forma pauperis under 28 U.S.C. § 1915.

As best as can be ascertained from his complaint, as amended, Wilson seeks to challenge the validity of criminal proceedings pending against him in state court. But such claims are barred by the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Additionally, Wilson has failed to name a proper defendant. Consequently, it is recommended that this action be dismissed.

1

## II. Background

Based upon the allegations of his complaint, Wilson was arrested on November 22, 2016, for, and ultimately charged with, burglary. And it appears that as of the filing of this action he was incarcerated at the Butte/Silver Bow County Jail in Butte, Montana.

Claiming he is innocent of the burglary charge, Wilson asserts his federal constitutional rights are being violated by his detention and prosecution upon the charge. Named as Defendants are the State of Montana, the Montana Second Judicial District Court, and the "Butte Silver Bow Police Dept. Patrol and Detectives." Wilson seeks both injunctive (apparently dismissal of the burglary charge and return of certain confiscated property he claims to be his) and monetary relief.

## III. Discussion

### A. Screening Pursuant to 28 U.S.C. §§ 1915, 1915A

As Wilson is a prisoner proceeding in forma pauperis, his Amended Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions there of before it is served upon the defendants if it finds that the complaint is "frivolous," if it "fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(*quoting Bell*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94; *Cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (*quoting Doe v. United States*, 58 F.3d 494, 497

3

(9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

### B. <u>Younger Abstention</u>

Wilson is challenging his current incarceration and criminal proceedings. Challenges to ongoing criminal proceedings are barred by the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (*citing Younger*, 401 U.S. at 40-41). Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998)(noting that the district and appellate courts can raise the issue sua sponte).

4

A federal court must abstain under *Younger* if four requirements are met: (1) a state initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007).

All the elements of *Younger* abstention are established in this case. First, there is an ongoing criminal action based on the circumstances giving rise to Wilson's claims. Secondly, the criminal proceeding revolves around important state interests to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing. Third, Wilson will have an adequate opportunity in the state district court to raise federal questions and concerns that affect his constitutional rights. Wilson has opportunities under Montana law, and the laws and rules of criminal procedure set forth in Title 46, Mont. Code Ann., to

5

raise the issues brought here in his state court proceedings. Fourth, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves. Any decisions regarding whether or not Wilson was arrested in violation of his rights under the United States Constitution would interfere with and/or could potentially imply the invalidity of his conviction. Accordingly, all four prongs of the *Younger* test have been satisfied and the Court must abstain from adjudicating Wilson's claims under *Younger v. Harris*, 401 U.S. 37 (1971).

*Younger* abstention applies differently to claims for monetary damages than it does to claims for injunctive and declaratory relief. Where injunctive and declaratory relief is sought, a dismissal of those claims is appropriate. *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004). But, where monetary damages are sought, the federal court should stay the matter under *Younger* rather than dismiss those claims until after the state court proceedings are no longer pending. *Gilbertson,* 381 F.3d at 981-982; s*ee also Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 689-690 (9th Cir. 2009). Thus, under *Younger*, claims for injunctive and declaratory relief should be dismissed without prejudice, and the remainder of the action seeking monetary damages should be stayed pending resolution of the state court proceedings. *Lampley v. Toris*, 2012 WL 846460, *4 (C.D. Cal. 2012).

As such all claims for injunctive relief should be dismissed without prejudice.

## C. Defendants

Although normally the Court should stay actions for monetary damages, Wilson has failed to name a proper defendant against whom he could obtain monetary damages. The State of Montana and the Second Judicial District Court are not proper parties to this federal action. The Eleventh Amendment bars suit in federal court against a state and/or state agencies absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. In addition, States, state agencies, and state officials sued officially are not "persons" subject to suit for money damages under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989).

The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Couer d'Alene Tribe*, 521 U.S. 261; *Pennhurst State Sch. & Hosp. v. Halderman*,

465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Wilson has not named an individual defendant in their official capacity.

In addition, the Butte Police Department is not a proper defendant. Under Mont. Code Ann. §§ 2-9-101 and 102, the Butte Police Department is not a separate entity with the capacity to be sued. To the contrary, state law provides that a municipal police department is a subunit of the municipality. Montana law requires every city to have a police department, and the mayor or manager of the city has charge of, supervision over, and direct control of the city's police department. *State of Montana v. District Court of the Thirteenth Judicial District*, 170 Mont. 15, 19, 550 P.2d 382 (1976); Mont. Code Ann. §§ 7-32-4101 and 4103. Therefore, the municipality, as opposed to the municipality's police department, can be held liable for the conduct of the employees of the police department. *State of Montana*, 170 Mont. At 19-20; 550 P.2d at 384. Accordingly, the statutory scheme in Montana does not establish the Butte Police Department as a separate entity and does not cloak the Butte Police Department with the capacity to be sued.

## IV. Conclusion

Wilson's claims for injunctive relief are barred by the *Younger* doctrine and

he has failed to name a proper defendant against whom he could collect monetary damages. Therefore, this matter should be dismissed without prejudice.

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed without prejudice.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that the Amended Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Wilson may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

and/or waive the right to appeal.

This recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 4th day of January, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge