# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| RAY DEAN WILSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, SECOND JUDICIAL DISTRICT COURT, and POLICE DEPT. PAROL & DETECTIVES,<br><br>                    Defendants. | CV-16-61-BU-BMM<br><br>**ORDER** |

      Plaintiff Ray Dean Wilson (Wilson) filed an Amended Complaint *pro se* on December 16, 2016. (Doc. 4). Wilson was incarcerated in the Butte Silver Bow County jail on the date the Amended Complaint was filed. (Doc. 4 at 2). The Amended Complaint, construed liberally, asserts claims under 42 U.S.C. § 1983. Wilson alleges that his arrest and prosecution for burglary violated his constitutional rights. Named as Defendants are the State of Montana, the Montana Second Judicial District Court, and the Butte Silver Bow Police Department Patrol and Detectives. (Doc. 4 at 3). Wilson seeks injunctive relief (dismissal of the

burglary charge and the return of the property that was confiscated), and monetary damages.

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on January 4, 2017. (Doc. 7). Judge Lynch determined that Wilson's claims for injunctive relief were barred by the *Younger* abstention doctrine. (Doc. 7 at 4-7). Judge Lynch determined that Wilson's claims for monetary relief should be dismissed because Wilson had failed to name a proper defendant against whom he could collect monetary damages. (Doc. 7 at 7-8). Judge Lynch recommended that this action be dismissed without prejudice. (Doc. 7 at 9). Wilson did not file objections to Judge Lynch's Findings and Recommendations.

The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

   a.   **Claims for Injunctive Relief**

Wilson's claims for injunctive relief challenge pending state court criminal proceedings. The Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971) directs federal courts to abstain from granting injunctive or declaratory relief

that would interfere with pending state judicial proceedings. *Id*. at 40-41. A federal court must abstain under *Younger* if the following four requirements are met: (1) a state initiated proceeding is ongoing; (2) the state judicial proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the state proceeding or have the practical effect of doing so. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).

All elements of *Younger* abstention are established in this case. First, there exists an ongoing criminal action against Wilson in state court. Second, the criminal proceeding implicates important state interests. The State of Montana has a significant state interest in prosecuting conduct that constitutes a criminal offense under Montana law. Third, Wilson will have an adequate opportunity to litigate federal constitutional issues in the state court proceeding. Fourth, any decision by this Court as to whether Wilson's arrest violated his constitutional rights would unduly interfere with the state criminal proceeding. This Court must therefore abstain from adjudicating Wilson's claims for injunctive relief.

**b.** **Claims for Monetary Relief Against the State of Montana and the Montana Second Judicial District Court**

The Eleventh Amendment bars lawsuits in federal court against a state or a state agency absent an express waiver of immunity by the state. *See Idaho v. Coeur*

*d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997); *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-102. Wilson's claims for monetary damages against the State of Montana and the Montana Second Judicial District Court are barred by the Eleventh Amendment.

### c. **Claims for Monetary Relief Against the Butte Silver Bow Police Department**

Montana law provides that a municipal police department is a subunit of the municipality. Mont. Code Ann. §§ 2-9-1-1, 102. The municipality is the entity responsible for the conduct of the employees in its police department, not the police department. *State of Montana v. District Court of the Thirteenth Judicial District*, 550 P.2d 382, 384 (Mont. 1976). The Butte Silver Bow Police Department is not a separate entity with the capacity to be sued. *Id*. The Butte Silver Bow Police Department is therefore not a proper defendant.

Accordingly, IT IS ORDERED:

1. Plaintiff's Amended Complaint (Doc. 4) is DISMISSED without prejudice.

2. Any appeal of this decision would not be taken in good faith as the Amended Complaint is frivolous as it lacks arguable substance in law or fact.

3. The Clerk is directed to enter judgment accordingly.

DATED this 14th day of February, 2017.

_____
Brian Morris
United States District Court Judge